UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-cr-00055-KJM |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| THOMAS WAYNE CAPENHURST and ROBERT LEE McGRAW, | |
| Defendants. | |

Defendants Thomas Wayne Capenhurst and Robert Lee McGraw (collectively "defendants") each have filed motions to dismiss, ECF Nos. 22, 23, and 27, and the government filed a motion to disqualify counsel, ECF No. 24. On October 1, 2018, the court heard oral argument on the motions. At the hearing the court DENIED the government's motion to disqualify counsel without prejudice, ECF No. 24, and GRANTED in part and DENIED in part McGraw's motion to dismiss, ECF No. 27. The court also DENIED defendant Capenhurst's motion, ECF No. 22, as to the Commerce Clause issue, and submitted the motion in all other respects. Here, the court memorializes its rulings from the bench, provides further explanation where necessary, and resolves the balance of the submitted motions below.

/////

/////

1

I.  BACKGROUND

On March 15, 2018, defendants were indicted on three separate counts of conspiracy, malicious use of explosive materials, and use of a destructive device in relation to a crime of violence. ECF No. 12. A fourth count charges McGraw with possession of an unregistered destructive device. *Id.* The indictment stems from an alleged conspiracy including Capenhurst and McGraw and their plan to place a pipe bomb at the home of Capenhurst's older brother, David Capenhurst. ECF No. 22 at 2.[1]

On July 1, 2018, Capenhurst moved to dismiss the indictment on the following grounds: (1) the court lacks jurisdiction over Count Two because Congress's commerce power does not extend to private residences under 18 U.S.C. § 844(i); (2) the court lacks subject matter jurisdiction over Count One based on improperly plead facts under 18 U.S.C. § 371; (3) Count One must be dismissed under the doctrine of legal impossibility; and (4) Count Three must be dismissed because it fails to satisfy the elements of § 924(c)(3)(A), and § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 3–15.

On July 2, 2018, McGraw moved separately to dismiss Count Three predicated on the same arguments made by Capenhurst regarding § 924(c)(3): (1) § 844(i) does not satisfy the "crime of violence" elements under § 924(c)(3)(A), and (2) the residual clause, § 924(c)(3)(B), is unconstitutionally vague. ECF No. 23. On July 16, 2018, McGraw further moved to dismiss Counts One and Two based on improper pleading under Federal Rule of Criminal Procedure 7, or, in the alternative, for a bill of particulars to describe what facts support the presence of interstate commerce with respect to the offense charged. ECF No. 27.

In its omnibus response, the government argues that Counts One and Two are properly pled and squarely within Congress's commerce power, and asks the court to deploy a new, case-specific approach to § 924(c)(3)(B) in light of the Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). ECF No. 32. The government also moves to disqualify Capenhurst's counsel, Tim Pori, based on a conflict of interest the government says he

---

[1] ECF citations refer to ECF pagination only, not to internal document pagination.

has in light of his past representation of Capenhurst's older brother, David Capenhurst. ECF No. 24.

At the October 1, 2018 hearing on the motions, as noted, the court made several rulings from the bench and submitted the balance of the motions for resolution by written order. *See* ECF No. 35. Each motion is addressed below.

II. GOVERNMENT'S MOTION TO DISQUALIFY COUNSEL

At the October 1, 2018 hearing, the court heard arguments on the government's motion to disqualify Capenhurst's counsel, Tim Pori. ECF No. 24. As it explained then, the court found the government's motion to be premature. The court advised Capenhurst of the potential conflict and his right to waive the conflict. After a colloquy carefully reviewing the waiver language contained in counsel's declaration, ECF No. 30–1 at 3–4, ¶¶ 11–13, the court determined that Capenhurst is making a knowing and intelligible waiver of any actual or potential conflict with respect to his attorney, Tim Pori, and his attorney's representation of his brother, David Capenhurst. Capenhurst acknowledged that his waiver includes the right to appeal or collaterally attack based on the conflict issue.

In light of this waiver, the court DENIED the government's motion, ECF No. 24, without prejudice.

III. MCGRAW'S MOTION TO DISMISS COUNTS ONE AND TWO

Also at hearing, the court addressed McGraw's motion to dismiss Counts One and Two, ECF No. 27, based on improper pleading under Federal Rules of Criminal Procedure 7, or, in the alternative, for a bill of particulars. Although the court indicated its agreement with the government's reading of *United States v. Renteria*, 557 F.3d 1003, 1006–07 (9th Cir. 2009) (finding no heightened pleading requirement under § 844(i)), the government ultimately agreed to respond to McGraw's request for a bill of particulars.

As determined at hearing, McGraw's motion was GRANTED as to the request for a bill of particulars, and DENIED in all other respects. At hearing on November 5, 2018, the government provided defense counsel with discovery that it represented mooted the need for a bill of particulars; defense counsel agreed.

## IV. CAPENHURST'S MOTION TO DISMISS COUNTS ONE AND TWO

Capenhurst moves to dismiss Count Two, arguing Congress did not intend to extend its commerce power to a private residence under 18 U.S.C. § 844(i); if the private residence is beyond the reach of § 844(i), then the court lacks jurisdiction over the activity and Count Two, and related Count One, must be dismissed. ECF No. 22 at 3–7. In response, the government points to Ninth Circuit authority, including *United States v. Garcia*, 768 F.3d 822, 828–30 (9th Cir. 2014), for the rule that rental properties of the type affected here are squarely included within the meaning of § 844(i). ECF No. 32 at 10.[2] The government is correct.

It is elementary that Congress possesses the power to regulate the instrumentalities of interstate commerce. U.S. Const. art. I, § 8, cl. 3. Although this power is broad, it is not absolute. *United States v. Morrison*, 529 U.S. 598, 608 (2000). The regulated activity must "substantially affect[] interstate commerce" in order for a statute to be upheld under the Commerce Clause. *United States v. Lopez*, 514 U.S. 549, 560 (1995). Similarly, even if the statute itself comports with the Commerce Clause, each individual activity that may fall within the statute's purview must also satisfy the "substantial affect" test to ensure the court has jurisdiction over the regulated activity. *Id.* at 561 (striking down firearm statute containing "no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce.").

As the Supreme Court explained in *Russell v. United States*, § 844(i) "applies to property that is used in an activity that affects commerce. The rental of real estate is unquestionably such an activity." 471 U.S. 858, 862 (1985) (internal quotations omitted). In discussing *Russell*, the Ninth Circuit affirmed "*Russell's per se* rule that damage to a rental apartment building satisfies the jurisdictional provisions of 18 U.S.C. § 844(i)." *Garcia*, 768 F.3d at 831. In *United States v. Mahon*, the Ninth Circuit further clarified that even if the subject property is "intrinsically noneconomic," it can still "qualify under § 844(i) if the building actively

---

[2] Citations are to the page numbers assigned by the court's CM/ECF system.

engages in interstate commerce or activity that affects interstate commerce, as there is no categorical exclusion of any type of building." 804 F.3d 946, 951 (9th Cir. 2015).[3]

Here, the indictment identifies the subject property as 1010 Blue Jay Drive, Suisun City, California, and states that the property was "being used in interstate commerce, and in an activity affecting interstate commerce." ECF No. 12 at 1–2. Although the indictment makes no mention of the property's precise economic function, the affidavit supporting the criminal complaint that preceded the indictment states, "David and Christina Capenhurst are renting the home at 1010 Blue Jay Drive." ECF No. 1 at 3. Additionally, as the government claims and the defense does not dispute, discovery produced thus far is "replete with references to the rental character of the property." ECF No. 32 at 10. In light of these representations, and the applicable precedent, the court is satisfied that the rental nature of 1010 Blue Jay Drive meets the jurisdictional requirements of § 844(i).

Based on this finding, the balance of Capenhurst's motion based on the Commerce Clause must also be denied, as the additional arguments hinge on dismissal of Count Two. *See* ECF No. 22 at 7 (moving to dismiss Count One based on lack of subject matter jurisdiction or doctrine of legal impossibility).

For these reasons, Capenhurst's motion to dismiss Counts One and Two was DENIED. Capenhurst's motion to dismiss Count Three is addressed below.

V. DEFENDANTS' MOTIONS TO DISMISS COUNT THREE

Defendants jointly move to dismiss Count Three of the indictment, claiming that the Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*") and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), render the residual clause of 18 U.S.C.

---

[3] *Mahon* includes a string cite of cases as providing examples of when a facility "actively engages" in interstate commerce. The examples include a church that used a radio broadcast reaching neighboring states in order to promote events, with concession goods made available, and a church that ran a daycare center out of its facility during the week. 804 F.3d at 952. (citations omitted). In *Mahon* itself, the court found the City's "Office of Diversity" to be "actively engaged" in interstate commerce. *Id*. at 952–53.

5

§ 924(c)(3) unconstitutionally vague. *See* ECF Nos. 22 and 23. For the reasons set forth below, defendants' motions are GRANTED.

A. <u>The Elements Clause – 18 U.S.C. § 924(c)(3)(A)</u>

In Count Three of the indictment, defendants are charged under § 924(c)(1)(B)(ii) with use of a destructive device during and in relation to a crime of violence. Section 924(c)(3) defines a "crime of violence" as an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)-(B).

Clause (A), commonly referred to as the "elements clause," requires that the underlying, or predicate, offense contain an element similar or identical to at least one of the enumerated types of force under clause (A) in order for the charged activity to be deemed a "crime of violence." *Id.* § 924(c)(3)(A). Here, the government concedes that the underlying § 844(i) offense cannot qualify as a "crime of violence" under the elements clause. *See generally* ECF No. 32 (providing no argument in opposition to defendants' argument that § 844(i) fails under elements clause analysis). Instead, the government places its focus on the residual clause, § 924(c)(3)(B), requiring that an offense "by its nature" involve "a substantial risk that physical force against the person or property of another may be used" in commission of the offense.

B. <u>The Parties' Arguments</u>

1. <u>Defendants</u>

As defendants correctly explain, the Court in *Johnson II* declared the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague because of the uncertainty created when applying the categorical approach to the residual clause, as mandated by *James v. United States*, 550 U.S. 192 (2007). *See* ECF No. 23 at 8.[4] In similar fashion, the *Dimaya* Court found the residual clause of 18 U.S.C.

---

[4] Because Capenhurst's arguments mirror and, in many ways, are bolstered by the more substantive arguments contained in McGraw's briefing on the issue, the court cites to McGraw's brief for arguments made on defendants' behalf.

§ 16(b), which defines a "crime of violence," unconstitutionally vague because, when subjected to the categorical approach, it created substantial uncertainty as to what constitutes an "ordinary case" and the level of risk necessary to deem a crime "violent" under the statute. *See id.* at 9 (reviewing *Dimaya*, 138 S. Ct. at 1213-15). In reaching its decision, as defendants note, the *Dimaya* Court also relied on the textual similarities between the ACCA and § 16(b), and noted that the features rendering the ACCA unconstitutionally vague were also present in § 16(b). *See id.* (citing *Dimaya,* 138 S. Ct. at 1218-19).

Defendants argue that invalidation of § 924(c)(3)(B) is the logical next step after *Johnson II* and *Dimaya,* because the language of § 924(c)(3)(B) is nearly identical to that of § 16(b). *Id.* at 11. Additionally, because Ninth Circuit precedent calls for application of the categorical approach to § 924(c)(3)(B), any infirmity embodied in the residual clause cannot be cured by applying an alternative approach. *Id.* (citing *United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir. 2006) and *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1053 (N.D. Cal. 2016)). Defendants urge the court to follow the numerous courts that have found § 924(c)(3)(B) void for vagueness after *Johnson II,* noting those cases that also relied on the Ninth Circuit's decision affirmed in *Dimaya*. *Id.* at 10-11 (collecting cases, discussing cases applying Circuit's *Dimaya* decision[5] prior to its being affirmed).

2. The Government's Opposition

In opposition, the government observes that *Dimaya* implies the invalidation of § 924(c)(3)(B), but only if the categorical approach applies. ECF No. 32 at 12-13. It posits that the Court in *Dimaya* does not "invariably mandate[]" application of the categorical approach to a residual clause such as § 16(b), or § 924(c)(3)(B) here; rather, it leaves open an invitation, extended by Justice Gorsuch's concurrence, to test the necessity of the categorical approach by applying an alternative, case-specific approach. *Id.* at 13–14.

/////

/////

---

[5] *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).

7

This is particularly true, the government says, given the language of § 924(c)(3)(B), because unlike the text of the ACCA and § 16(b), considered in *Johnson II* and *Dimaya*, respectively, § 924(c)(3)(B) lends itself to resolution during trial, part and parcel with the other questions put to a jury tasked with determining whether the government has proven its case. *Id.* at 14–17. Provided with instructions based on the plain language of the statute, for example, a jury "can readily determine whether a defendant's underlying 'offense. . . by its nature involves' the use of physical force in the course of its commission without needing to consider what the 'ordinary case' of that offense might be." *Id.* at 16. Such an approach eliminates the need for an abstract comparison to a defendant's prior conviction, which can only be performed by the court. *Id.* In other words, the government argues, the reasoning underlying the need for the categorical approach applied to the ACCA and § 16(b) is not present when a charge is based on § 924(c)(3)(B). *Id.* at 21. The government also reads the statutory text of § 924(c)(3)(B) as consistent with a case-specific approach, requiring an inquiry into "other" offenses that fall outside those listed in § 924(c)(3)(A); the traditional method of conducting such an inquiry into "qualitative standard[s] such as substantial risk is to do so by reference to real-world conduct." *Id.* at 17 (internal quotations and citations omitted).

Lastly, in combination with the above, the government asks the court to apply the interpretive canon of constitutional avoidance when construing § 924(c)(3)(B). *Id.* at 21. It urges that invoking the avoidance canon is especially appropriate where a statute may otherwise be found unconstitutionally vague. *Id.*

C. Ninth Circuit Precedent in Light of *Johnson II* and *Dimaya*

The parties' interpretations of *Johnson II* and *Dimaya* are, in many respects, not in conflict. They disagree, however, regarding the interplay of Ninth Circuit precedent, the reasoning underlying *Johnson II*, and the effect of the plurality opinion in *Dimaya*. Defendants argue that *Johnson II* and *Dimaya* do nothing to undermine the Ninth Circuit's requirement that the categorical approach be applied to each of § 924(c)(3)'s provisions. ECF No. 33 at 3. The government, while acknowledging its position reflects a sea change, argues that the Supreme Court's reasoning in both *Johnson II* and the *Dimaya* plurality aligns with the implicit invitation

extended by the *Dimaya* concurrence to test the necessity of applying the categorical approach to § 924(c)(3)(B). ECF No. 32 at 13–14 (noting "the majority of courts of appeals, like the government, have previously viewed Section 924(c)(3)(B) to require a categorical approach"). To resolve the parties' disagreement, the court briefly reviews the state of the law in the Ninth Circuit.

1. Categorical Approach in the Ninth Circuit

In *United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016), the court opined that "[t]o determine . . . a crime of violence [under 924(c)] we apply the 'categorical approach.'" (relying on, *inter alia, Taylor v. United States*, 495 U.S. 575 (1990)). Previously, in *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995), also relied on in *Benally*, the Circuit stated unequivocally that it "has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence' obviating the need for fact finding by the jury." *See also United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006), *as amended* (Apr. 20, 2006) (applying categorical approach to "catchall" provision of U.S.S.G. § 4B1.2(a)(2), whose language tracks that of § 924(c)(3)(B); holding for purposes of sentencing escape not categorically crime of violence). Try as this court might, it cannot read Circuit precedent as allowing an exception to the presumptive application of the categorical approach here.

Two matters are currently pending that may provide an opportunity for the Circuit to modify its position on the categorical approach. *See United States v. Dominguez*, No. 14-10268; *United States v. Begay*, No. 14-10080.[6] In *United States v. Begay*, the court ordered supplemental briefing post-*Dimaya*. *See* Order, filed Apr. 23, 2018, Dkt. No. 90. In response, the parties in that matter have presented arguments that mirror the parties' arguments here: appellant argues that *Dimaya* did nothing to disrupt Ninth Circuit precedent requiring the categorical

---

[6] The case of *United States v. Gaytan*, No. 14-10167 (9th Cir. Aug. 8, 2018), presented the same argument to the Circuit, but the case was ultimately resolved on other grounds. *See* Order Granting Gov't's Unopposed Mot. to Vacate Convictions (issued Aug. 8, 2018). While the Circuit recently decided *Guerrero v. Whitaker*, No. 15-72080, 2018 WL 5852651 (9th Cir. Nov. 9, 2018), that case addressed whether a different statute is unconstitutionally vague in light of *Johnson II* and *Dimaya*; this decision does not affect the analysis here.

9

approach, Appellant's Supp. Br. at 3–8, filed June 7, 2018, Dkt. No. 91, while the government urges the court to implement a new case-specific approach after *Dimaya*, Gov't Supp. Br. at 4–15, filed June 7, 2018, Dkt. No. 92. Thus, in all material respects, the issues raised by the motions before this court are before the Circuit at this time. There is no clear indication as to when the Circuit will render a decision, however, and this court is prepared to rule on the pending motions based on the current state of the law. *See United States v. Tinh Huy Nguyen*, No. 16-CV-03543-LHK, 2018 WL 3972271, at *10 (N.D. Cal. Aug. 20, 2018) ("Ninth Circuit decision remains binding authority unless its 'reasoning or theory . . . is clearly irreconcilable with the reasoning or theory of intervening higher authority.'" (citation omitted))

Other district courts in the Ninth Circuit have addressed the question posed here, recently and since *Dimaya* was decided. All have determined that the categorical approach must be applied to both subparts of § 924(c)(3). *See id*. at *10 (in considering issue raised by § 2255 motion, "the Ninth Circuit repeatedly has made clear that the categorical approach applies to § 924(c)(3), including the residual clause"); *see also United States v. Canfield*, 323 F. Supp. 3d 1155, 1160-63 (D. Mont. 2018)*; Lee v. United States*, 2018 WL 4906327, at *20-21 (D. Ariz. July 6, 2018), *report and recommendation adopted as modified on other grounds*, 2018 WL 4899567 (D. Ariz. Oct. 9, 2018); *United States v. Sangalang*, 2018 WL 2670412 (D. Nev. June 4, 2018). Having reviewed these well-reasoned decisions, this court agrees it is bound to apply the categorical approach to the residual clause of § 924(c)(3)(B).

    2.    Application of *Johnson II* and *Dimaya*

In *Johnson II*, the court identified two primary concerns rendering the ACCA's residual clause unconstitutional: (1) denial of "fair notice," and (2) "arbitrary enforcement." *Johnson II*, 135 S. Ct. at 2557. Recognizing the problem lay as much in the "ordinary case" approach as it did with the statutory text itself, due to the unpredictability of considering an "imaginary condition," the Court found ACCA's residual clause unconstitutionally vague and declined to adopt a new case-specific approach. *Id.* at 2561 (citation omitted). Similarly, *Dimaya* held that § 16(b)'s residual clause could not survive due to the uncertainty created when considering the "ordinary version of an[] offense." 138 S. Ct. at 1214 (citation omitted). Neither

the plurality opinion in *Dimaya*, nor the decision in *Johnson II*, abandoned the categorical approach despite the vociferous arguments of the dissenters. *See, e.g., id.* at 1252–57 (Thomas, *J.*, with Kennedy, Alito, *JJ.*, dissenting) (responding that "the plurality is wrong to suggest that the underlying-conduct approach would necessarily 'ping-pong us from one constitutional issue to another.'").

As the government argues, *Dimaya* can be distinguished from this case, given the context provided by § 924(c)(3)(B) here. Specifically, the *Dimaya* plurality cited four reasons for declining to abandon the categorical approach. First, the government in that case did not argue that the "ordinary case" construction approach should be abandoned. *Dimaya,* 138 S. Ct. at 1217. Second, a case-specific approach would create its own Sixth Amendment issues, in that courts would be making findings of fact specifically reserved for the jury. *Id.* Third, the "by its nature" text of § 16(b) requires application of a categorical approach because the court must examine what a crime entails in the ordinary case, not what happened on a single occasion. *Id.* at 1217–18. And finally, a case-specific approach would impose the impractical task of recreating a factual foundation years after the underlying conviction conduct. *Id.* The government urges these reasons do not apply here in light of the distinction between § 16(b)'s imperative to look to prior offenses, and § 924(c)(3)(B)'s concurrent view, where factual findings can be made in connection with determining whether the underlying offense was committed. ECF No. 32 at 17–21.

Conceptually, the government's position has some appeal. And the Second Circuit recently has adopted this reasoning, in essence, in *United States v. Barrett*, 903 F.3d 166, 181–82 (2d Cir. 2018). In *Barrett,* that court stated:

> [*P*]*ost*-conviction . . . *judicial* identification of crimes of violence must be categorical . . . § 924(c)(3), however, is not concerned with prior convictions . . . [t]this means that a conduct-specific identification of a predicate offense as a crime of violence can be made without raising either of the constitutional concerns that have informed the Supreme Court's categorical-approach jurisprudence.

*Id.* (emphases in original). But *Barrett* is persuasive only and at least one other Circuit so far disagrees. *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018) (finding § 924(c)(3)(B)

11

1 | unconstitutionally vague).  In any event, *Barrett*'s application by this court is foreclosed by the
2 | Ninth Circuit precedent reviewed above.  While the government ultimately may be correct, its
3 | argument is for the Ninth Circuit and perhaps ultimately the Supreme Court to resolve.

### 3. Application Here

Having determined that the categorical approach applies, the analysis of the question here is straightforward.  First, the relevant language of § 16(b) and § 924(c)(3)(B) is virtually identical, as set forth below:

> (b) . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16(b).

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(B).

As a matter of general construction, it is "well-established . . . that the same words or phrases are presumed to have the same meaning when used in different parts of a statute." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1061 n.7 (9th Cir. 2008).  From a purely textual standpoint, the court need not treat the two texts differently, nor does the government ask it to. *See generally* ECF No. 32.

Given the equivalency of the statutory language, and for the same reasons other district courts in the Ninth Circuit have spelled out in sufficient detail to clarify the reasoning this court adopts, the court must conclude that the language of § 924(c)(3)(B) embodies the same flaws of unpredictability and arbitrariness that doomed the residual clause of § 16(b), as well as that of the ACCA.  *See, e.g., Tinh Huy Nguyen*, 2018 WL 3972271 at *14-15.

The court finds the residual clause, § 924(c)(3)(B), to be unconstitutionally vague in light of *Dimaya*.  Defendants' motions to dismiss Count Three are GRANTED.

/////

/////

/////

VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

A. The government's motion to disqualify counsel, ECF No. 24, is DENIED without prejudice.

B. McGraw's motion to dismiss, ECF No. 27, is GRANTED as to the request for a bill of particulars, and DENIED in all other respects. The requirement of a bill of particulars, however, is MOOTED by the government's production of discovery to the defense on November 5, 2018.

C. Capenhurst's motion to dismiss Counts One and Two, ECF No. 22, is DENIED in part as to the Commerce Clause issue only.

D. Defendants' motions to dismiss Count Three, ECF No. 22 and 23, are GRANTED. Count Three of the indictment is dismissed as based on an unconstitutionally vague statute.

DATED: November 21, 2018.

_____
UNITED STATES DISTRICT JUDGE