1  McGREGOR W. SCOTT
United States Attorney
2  TIMOTHY H. DELGADO
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
United States of America
7

8                IN THE UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              Case No. 2:18-cr-0055-KJM

12                        Plaintiff,        STIPULATION AND ORDER RE: SEVERANCE
                                            AND SEPARATE TRIALS AS TO DEFENDANTS
13                  v.                      CAPENHURST AND McGRAW

14  THOMAS WAYNE CAPENHURST
and ROBERT LEE McGRAW,
15
                          Defendants.
16

17

18        Plaintiff United States of America, though its undersigned counsel, and defendants Thomas Wayne

19  Capenhurst and Robert Lee McGraw, through their counsel of record, stipulate as follows:

20        1.      The parties appeared before the Court on March 2, 2020, for a trial confirmation hearing.

21  (Dkt. No. 55.)  At the hearing, the government and defendants confirmed for trial, but the parties jointly

22  requested that the Court sever the defendants' trials.  The Court tentatively granted the parties' request

23  and scheduled separate trial dates on successive weeks for defendants Capenhurst and McGraw, subject

24  to the parties filing a stipulation and proposed order further explaining the basis for their request.

25        2.      As explained in detail in the criminal complaint, following his arrest, defendant McGraw

26  gave a lengthy videotaped statement, in which he implicated himself and co-defendant Capenhurst in the

27  offenses at issue. (Dkt. No. 1 at 7-8.)  In at least one of the jury trials to come, the government will move

28  to admit this statement against McGraw as non-hearsay, under Federal Rule of Evidence 801(d)(2) (i.e.,

STIPULATION AND (PROPOSED) ORDER RE:               1
SEVERANCE AND SEPARATE TRIALS

admission of a party opponent).  This theory of admissibility would not apply to defendant Capenhurst, and given that the statement was made following McGraw's arrest, it would probably not be admissible as a statement of a co-conspirator.  *See* Fed. R. Evid. 801(d)(2)(E).

3.  The government contends that McGraw's videotaped statement is an essential piece of evidence in its case against McGraw, and the undersigned prosecutor expects that he will reference the statement repeatedly in his opening statement, in witness examinations, and in closing argument.  The government also submits that if the defendants are tried together in a joint trial, it may not be able to use McGraw's statement to full effect (if at all), *see Bruton v. United States*, 391 U.S. 123 (1968), and that the potential Confrontation Clause problem (for Capenhurst) cannot be mitigated by simply muting the portions of the videotaped statement in which he is mentioned by name, *see Richardson v. Marsh*, 481 U.S. 200 (1987).

4.  Accordingly, the parties request that the Court sever the defendants' trials, under Federal Rule of Criminal Procedure 14(a).  As discussed at the March 2, 2020 hearing, the parties request that the Court set this matter for a four-day jury trial against defendant McGraw at 9:00 a.m. on April 20, 2020, followed by a four-day jury trial against defendant Capenhurst at 9:00 a.m. on April 27, 2020.  In the event McGraw's case resolves before trial, the government and Capenhurst further request that the jury trial as to Capenhurst be advanced to 9:00 a.m. on April 20, 2020.

IT IS SO STIPULATED.

Dated:  March 3, 2020

_/s/ **Timothy H. Delgado**_
TIMOTHY H. DELGADO
Assistant United States Attorney
*Attorney for plaintiff United States of America*

Dated:  March 3, 2020

_/s/ **THD for Tim A. Pori**_
TIM A. PORI
The Law Offices of Tim A. Pori
*Attorney for defendant Thomas Capenhurst*

Dated:  March 3, 2020

_/s/ **THD for Douglas J. Beevers**_
DOUGLAS J. BEEVERS
Assistant Federal Defender
*Attorney for defendant Robert McGraw*

## ORDER

The Court has received and considered the parties' Stipulation re: Severance and Separate Trials as to Defendants Capenhurst and McGraw, filed March 2, 2018.  The Court finds that the Stipulation, which the Court incorporates by reference into this Order, establishes good cause to sever the defendants for trial purposes, under Federal Rule of Criminal Procedure 14(a).

Accordingly, the Court grants the parties' request and ORDERS that Capenhurst and McGraw be tried separately.  This matter will be set for a four-day jury trial as to defendant Robert Lee McGraw at 9:00 a.m. on April 20, 2020, followed by a four-day jury trial as to defendant Thomas Wayne Capenhurst at 9:00 a.m. on April 27, 2020.  In the event McGraw's case resolves before trial, Capenhurst's trial will be advanced to 9:00 a.m. on April 20, 2020.  The Court incorporates by reference all other pretrial deadlines established at the March 2, 2020 trial confirmation hearing, as memorialized in the Minutes for that hearing.  *See* Dkt. No. 55.

SO ORDERED.

Dated:  March 5, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE