UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS WAYNE CAPENHURST AND ROBERT LEE MCGRAW,<br><br>Defendants. | No. 2:18-cr-0055-KJM<br><br><br>ORDER |

On February 28, 2020, defendant Robert Lee McGraw moved to dismiss Counts One and Two of the Indictment charges against him based on absence of federal jurisdiction and in the alternative moved *in limine* to exclude a year-long lease as evidence the property is involved in interstate commerce. Second Mot. to Dismiss, ECF No. 54. The government filed written opposition. Opp'n, ECF No. 57. Neither party requested a hearing.

Defendant McGraw previously moved to dismiss Counts One and Two on grounds the indictment lacked facts sufficient to satisfy the interstate commerce nexus. First Mot. to Dismiss, ECF No. 27 at 1-3. On November 21, 2018, the court denied McGraw's request to dismiss Counts One and Two, and also denied co-defendant Thomas Wayne Capenhurst's motion to dismiss Count Two. Order, ECF No. 39 at 3-5 (noting the court's agreement with the

government's reading of *United States v. Renteria*, 557 F.3d 1003 (9th Cir. 2009)). Having considered defendant's request and the government's opposition (Opp'n ECF No. 57), the court finds there is no basis for reconsidering its prior decision. Therefore, defendant's motion to dismiss Count One and Two of the Indictment is DENIED.

The court finds it is premature to "limit in advance testimony or evidence" (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)) based on defendant's theory the "prosecution could have evidence of other connections to interstate commerce." Second Mot. to Dismiss at 3. Accordingly, defendant's motion *in limine* to exclude evidence of the year-long lease is DENIED without prejudice.

This order resolves ECF No. 54.

IT IS SO ORDERED.

DATED: March 13, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE